UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN VANDELINDER, #208357,

        Plaintiff,

                              CASE NO. 2:10-CV-13111
v.                               HONORABLE PAUL D. BORMAN

KENDALL SNOW, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING CASE**

Steven Vandelinder ("Petitioner"), a Michigan prisoner, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Michigan Department of Corrections ("MDOC") employees identified as Classification Director Kendall Snow, Corrections Program Coordinator Phil Kintworth, Acting Assistant Deputy Warden David M. Leach, Warden Sherry Burt, and Grievance Coordinator L. McMillan. Plaintiff alleges that defendant Snow improperly denied him a prison work assignment and spread false information to the prison population which exposed him to threats of harm and caused him stress and heart problems. Plaintiff alleges that the other defendants failed to properly respond to his grievances and remedy the situation.

Petitioner, however, has already filed an identical complaint with this Court, which was summarily dismissed by the Honorable Denise Page Hood in 2008. *See Vandelinder v. Snow, et al.,* Case No. 2:08-CV-11584 (E.D. Mich. July 31, 2008). Accordingly, the instant action must be dismissed as duplicative. A suit is duplicative, and subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See, e.g., Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999) (internal citations omitted). In fact, it appears that Plaintiff

1

was attempting to file a motion for relief from judgment in his initial case, but the documents were mistakenly filed as a new case.[1] In any event, because Plaintiff sues the same defendants and raises the same claims, the Court will dismiss this action as duplicative. *See Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss a habeas petition as duplicative when the second petition is essentially the same as the first petition).[2]

Accordingly, the Court **DISMISSES** the instant case as duplicative. This dismissal is without prejudice to Case No. 2:08-CV-11584. No fees shall be assessed for this filing. This case is **CLOSED**.

**IT IS SO ORDERED**.

S/Paul D. Borman<br>
PAUL D. BORMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2010

---

[1] Plaintiff's motion for relief from judgment seeking to re-open his prior case has been filed in Case No. 2:08-CV-11584. *See* Dkt. #10 (entitled Motion to Reopen Case).

[2] If Plaintiff were seeking to file a new complaint raising the same claims contained in his previously-dismissed complaint, such an action would be subject to dismissal on *res judicata* grounds. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997); *see also Butts v. Wilkinson*, 145 F.3d 1330, 1998 WL 152778, *1 (6th Cir. 1998) (unpublished case upholding dismissal of prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A based upon *res judicata* doctrine); *McWilliams v. State of Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997) (repetitious litigation of identical causes of action may be dismissed as frivolous or malicious); *Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1150 (N.D. Ill. 1995) (dismissal of prisoner civil rights action as frivolous given preclusive effect against similar claims raised in subsequent complaint).

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 3, 2010.

                                                  S/Denise Goodine
                                                  Case Manager